**E-FILED**
Monday, 05 June, 2006  05:39:55 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| COMMONWEALTH INSURANCE COMPANY, | Case No. 06-CV-1060 |
| Plaintiff, | (Consolidated with Case Nos. 06-CV-1061 and 06-CV-1062) |
| vs. | The Honorable Michael M. Mihm |
| TITAN TIRE CORPORATION, TITAN TIRE CORPORATION OF TEXAS, PIRELLI TIRE LLC, f/k/a PIRELLI TIRE CORPORATION, f/k/a PIRELLI ARMSTRONG TIRE CORPORATION, | |
| Defendants. | |

| | |
|---|---|
| PIRELLI TIRE CORPORATION, | Case No. 06-CV-1061 |
| Plaintiff, | |
| vs. | |
| TITAN TIRE CORPORATION, TITAN TIRE CORPORATION OF TEXAS, COMMONWEALTH INSURANCE COMPANY; CHUBB INDEMNITY INSURANCE COMPANY; CHUBB LLOYDS INSURANCE COMPANY OF TEXAS, | |
| Defendants. | |

| | |
|---|---|
| TITAN TIRE CORPORATION, an Illinois corporation, | Case No. 06-CV-1062 |
| Plaintiff, | |
| vs. | |
| PIRELLI TIRE LLC, f/k/a PIRELLI TIRE CORPORATION, f/k/a PIRELLI ARMSTRONG TIRE CORPORATION, a Delaware limited liability company; PIRELLI TIRE CORPORATION f/k/a PIRELLI ARMSTRONG TIRE CORPORATION, a | |

Delaware corporation; and PIRELLI )
ARMSTRONG TIRE CORPORATION, a )
Delaware corporation, )
                                  )
        Defendants. )
                                  )
_____ )

## JOINT PRE-TRIAL MEMORANDUM/ORDER

This matter having come before the Court at a pre-trial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1; and

Brett K. Gorman having appeared as counsel for Plaintiff and Defendant, TITAN TIRE CORPORATION ("Titan");

Peter Q. Ezzell, Valerie A. Moore and Chris D. Biswell having appeared as counsel for Plaintiffs and Defendants, PIRELLI TIRE, LLC, f/k/a PIRELLI TIRE CORPORATION, f/k/a PIRELLI ARMSTRONG TIRE CORPORATION, PIRELLI TIRE CORPORATION, f/k/a PIRELLI ARMSTRONG TIRE CORPORATION, and PIRELLI ARMSTRONG TIRE CORPORATION (collectively referred to as "Pirelli"); the following action was taken:

## I.     NATURE OF ACTION AND JURISDICTION

Jurisdiction of the Court is invoked under 28 U.S.C § 1332. Pirelli was and is a citizen of the State of Delaware, being a limited liability company incorporated under the laws of the State of Delaware, formerly having its principal place of business in Connecticut and currently having its principal place of business in the State of Georgia. Titan is a citizen of the State of Illinois, being a corporation incorporated under the laws of the State of Illinois, having its principal place of business in the State of Illinois, County of Adams. The jurisdiction of the Court is not disputed by the parties.

## II.    JOINT STATEMENT

### A.     Jurisdiction

See Section I, above.

### B.    Uncontested Issues of Fact

1.    Titan entered into a written contract with Pirelli dated July 16, 1994, whereby Titan purchased certain assets of Pirelli, primarily consisting of Pirelli's tire manufacturing facility located in Des Moines, Iowa ("the Des Moines Facility"). The scope of this agreement did not include the sale or purchase of certain machinery and equipment located at the Des Moines Facility used by Pirelli in the manufacture and production of light truck tires ("LT Tires").

2.    In separate written contract dated July 16, 1994, entitled "Manufacturing Agreement," Titan and Pirelli agreed that Titan would manufacture and produce for Pirelli at the Des Moines Facility LT Tires ordered by Pirelli, using Pirelli's LT tire machinery and equipment until such time as Pirelli removed the equipment.

3.    Section 6 of the July 16, 1994, Manufacturing Agreement provided:

"Section 6. Product Warranty; Product Claims. Titan Tire warrants that the LT Tires manufactured and produced hereunder shall (a) conform strictly to the Specifications; (b) be new, unused and free from defects in material and workmanship. Titan Tire shall mark all LT Tires manufactured and produced by Titan Tire hereunder so as to distinguish the same from any other products which Pirelli Armstrong has heretofore or after the date hereof manufactured, produced or sold. Titan Tire shall indemnify and reimburse Pirelli Armstrong for any and all costs and expenses which it shall incur due to defects in the LT Tires due to failure of the LT Tires to conform to the Specifications and/or due to defects in material or workmanship. These costs and expenses shall include but not be limited to the costs of replacing or repairing the defective LT Tires, and any other costs (including costs of recalls due to defect in LT tires and all costs and expenses including, without limitation, defense costs and reasonable attorneys fees and expenses) arising out of claims for product liability on the basis of the defective products, including settlement of any such claims) and expenses, if any, associated with such defects. Notice with respect to any claims made pursuant to this Section shall be sent in writing to Titan Tire promptly after the defect in the LT Tires or any claims arising from such defect become known to Pirelli Armstrong. Pirelli Armstrong shall not settle any such claims without the consent of Titan Tire, which shall not be unreasonably withheld or delayed. Notwithstanding the above, in no event shall Titan Tire be liable for any incidental, special or consequential damages or any other relief not expressly provided for herein."

4.    Section 4 of the Manufacturing Agreement provided that "[t]he LT Tires shall be labeled and identified by Titan Tire as specified from time to time by Pirelli Armstrong."

5.    In early September, 1994, Titan began manufacturing some sizes of LT Tires and did so until early 1998, with the exception of a short period of approximately six (6) weeks in November and December, 1994. The size and model of the tire involved here, an LT 235/85 R16, was manufactured by Pirelli beginning in December 1993 through July 16, 1994, when Pirelli turned over the Des Moines plant to Titan. Titan manufactured the LT 235/85 R16 through the end of 1997.

According to the available data, the total production numbers for this particular size and model tire at the Des Moines plant was as follows:

1993:  Unknown

1994:  33,615

1995:  25,143

1996:  23,737

1997:  7,926

1998:      0

According to Pirelli's sales data, from 1994 through 1998, the total number of LT 235/85 R16 tires sold was 93,023, broken down as follows:

1994:  32,874

1995:  26,284

1996:  24,772

1997:   7,369

1998:   1,724

6.    On January 16, 1996, Titan and Pirelli entered into another contract entitled "Titan/P.A.T.C. Agreement," which contained the following provision,

"15.    PRODUCT INDEMNITY - Titan agrees to defend, hold harmless and indemnify PATC, its subsidiaries and affiliates, their officers, directors, employees, and agents from and against any and all claims for death,

personal injury, property damage and all other damages, losses, claims, or suits, including costs and attorneys' fees, arising from any act or omission of Titan relating to defective material or workmanship except for any defective material supplied by PATC to Titan.

PATC agrees to defend, hold harmless and indemnify, Titan, its subsidiaries and affiliates, their officers, directors, employees, and agents from and against any and all claims for death, personal injury, property damage and all other damages, losses, claims, or suits, including costs and attorneys' fees, arising from any act or omission of PATC relating to defective material supplied by PATC and for any defective design and/or specifications requirements of PATC."

7.      On or about August 20, 1998, an automobile accident occurred in Duval County, Texas.  As a result of that accident ("Accident"), numerous plaintiffs brought suit against among others, Titan and Pirelli ("the Ramirez Action").

8.      The plaintiffs in the Ramirez Action sought damages against Pirelli and Titan on theories of common law negligence based on the negligent design, manufacture, marketing and sale of a certain LT tire, and strict liability theories based upon and alleged an unreasonably dangerous condition of a certain LT tire, among other allegations.  By no later than October 1, 1999, all theories of recovery related to negligent design were dismissed by all of the Ramirez Action plaintiffs against all the defendants.

9.      Originally, the plaintiffs in the Ramirez Action contended that the LT Tire was manufactured by Pirelli.  Subsequently, the plaintiffs in the Ramirez Action contended that the LT Tire was manufactured by Titan at the Des Moines Facility.

10.     The LT Tire involved in the Ramirez Action was an LT 235/85 R16 tire, manufactured at the Des Moines Facility.

11.     The LT Tire involved in the Accident failed and contributed to the cause of the Accident.  (Titan agrees that this issue was decided as a matter of law by Judge Scott in the March 12, 2003 Pre-Trial Order but does not agree with the statement or ruling. Pirelli contends that this issue was conclusively decided by Judge Scott in the July 15, 2002 and February 24, 2003 Orders on Summary Judgment and confirmed by the Seventh Circuit Court of Appeals.).

12.     The failure of the LT Tire involved in the Accident was not caused by a center-line tread separation.

13.     The LT Tire involved in the Accident was so badly damaged that most of the identifying marks on the tire were obliterated.

14.     The LT Tire involved in the Accident still had an "E-3" number visible.

15.     On February 19, 1999, Pirelli requested that Titan defend, indemnify, and hold Pirelli harmless from the claims brought in the Ramirez Action.

16.     On February 22, 1999, and at all times thereafter, Titan refused to indemnify and hold Pirelli harmless for any defense costs and fees incurred in the Ramirez Action.

17.     Although all Ramirez Action plaintiffs had dismissed Pirelli as of May 20, 1999, two of the Ramirez Action plaintiffs' attorneys thereafter re-served Pirelli several times as a defendant in the Ramirez Action and then non-suited (dismissed) Pirelli.

18.     As of May 1999, Pirelli's claimed attorneys' fees and costs in the Ramirez Action were $95,888.42.

19.     As of April 2000, Pirelli's claimed attorneys' fees and costs in the Ramirez Action were $423,483.83.

20.     Although Titan denied all material allegations contained in the Ramirez Action, and specifically denied liability, in February 2000, a settlement agreement was reached between Titan's insurance carriers and the plaintiffs in the Ramirez Action. In that settlement agreement, Titan's insurance carriers paid fifty-five million dollars ($55,000,000.00) on behalf of Titan and Pirelli to resolve the litigation. The settlement monies were ultimately paid to the Ramirez Action plaintiffs in April 2000.

## C.     <u>Contested Issues of Fact</u>

1.     Whether the LT Tire involved in the Accident was manufactured by Titan or Pirelli.

2.    Whether the LT Tire involved in the Accident was built/manufactured to Pirelli specifications.

3.    Whether the LT Tire involved in the Accident contained a manufacturing defect which caused the failure of the LT Tire.

4.    Whether the LT Tire involved in the Accident was manufactured after December 14, 1994.

5.    Whether Titan breached its agreements to indemnify Pirelli.

6.    If Titan breached its agreements, the amount Pirelli was damaged, if any, as a result of Titan's breach.

**D.    Contested Issues of Law**

1.    Whether Titan is obligated to indemnify Pirelli for attorneys' fees and expenses incurred after Pirelli was dismissed by the plaintiffs in the Ramirez Action and was thereafter sued by Titan.

2.    Whether Titan is obligated to indemnify Pirelli for attorney's fees and expenses incurred in the Ramirez Action, including defense fees and costs incurred by Pirelli to defend against the action filed by Titan against Pirelli in the Ramirez Action.

**E.    Uncontested Issues of Law**

1.    In order to recover damages, Pirelli must establish the following:

a.    That the Accident tire was manufactured by Titan.

b.    That the Accident tire was manufactured after December 14, 1994.

c.    That the Accident tire had a manufacturing defect due to Titan's failure to manufacture the tire to conform to Pirelli's specifications or past practices followed at the Des Moines facility, or due to defects in Titan's materials or workmanship.

d.    That the manufacturing defects in the Accident tire were a substantial cause of the failure of the tire.

e.    That Titan breached its agreements to indemnify Pirelli.

f.    That Pirelli was damaged as a result of Titan's breach.

**F.    Jury Demands/Waivers**

1.    Pirelli waives a trial by jury and stipulates to a bench trial.

2.    Titan waives a trial by jury and stipulates to a bench trial.

## III.    PLAINTIFF'S STATEMENT

**A.    Pirelli's Itemized Statement of Damages**

Pirelli incurred $250,000.00 in the form of payment of defense fees and costs, including expert fees, in the Ramirez Action, including attorneys' fees and costs incurred defending against the action filed by Titan, that is the counterclaim filed by Titan in the Ramirez action.

Pirelli also claims pre-judgment interest, and this issue will be raised by a post-trial motion if Pirelli prevails.

## IV.    WAIVER OF CLAIMS OR DEFENSE

None.

## V.    EXHIBITS ATTACHED

The following are attached as exhibits to this order and are made a part hereof.

**A.    Witness List**

1.    Pirelli Witness List – see attached.

2.    Titan Witness List – see attached.

As directed by the Court during the telephone hearing held on June 1, 2006, the parties will submit all "read" testimony by June 12, 2006.

**B.    Exhibit Lists**

1.    Pirelli Exhibit List – see attached.

2.    Titan Exhibit List – see attached.

The exhibit lists appended to this order do not identify the parties' respective objections. The parties have agreed to exchange objections and confer in an attempt to reduce the number of remaining evidentiary disputes to be decided by the Court. All remaining objections will be presented to the Court along with copies of the actual exhibits by June 12, 2006.

    **C.**    <u>**Joint Exhibit List**</u> - none

    **D.**    <u>**Proposed Jury Instructions (Joint)**</u> - none

    **E.**    <u>**Pirelli Proposed Instructions**</u> - none

    **F.**    <u>**Titan's Proposed Instructions**</u> - none

**VI.**    **GENERAL ADDITIONAL**

The following additional action was taken:

IT IS UNDERSTOOD BY THE PARTIES THAT:

The Plaintiff is limited to the expert witnesses whose names and qualifications have been disclosed to the Defendants pursuant to Fed.R.Civ.P.26. The Defendants are limited to the expert witnesses whose names and qualifications have been disclosed to the Plaintiff, pursuant to Fed.R.Civ.P.26.

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of the trial will not exceed one (1) full day, as the parties discussed with the Court during the telephone hearing on June 1, 2006.

The parties intend to present written Opening Statements to the Court, and such Opening Statements will be filed on or before June 12, 2006.

This pre-trial order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion.

IT IS SO ORDERED.


Dated: _____

　　　　　Hon. Michael M. Mihm
　　　　　Judge, in the United States District Court


APPROVED AS TO FORM AND SUBSTANCE:



　　　　　　/s/ Peter Q. Ezzell
Peter Q. Ezzell
CA Bar No. 53497
Valerie A. Moore
CA Bar No. 107359
Haight, Brown & Bonesteel, LLP
6080 Center Drive, Suite 800
Los Angeles, CA  90045
Tel:  (310) 215-7100
Fax:  (310) 215-7300
E-mail:  vmoore@hbblaw.com

David L Drake
Bar No. 0673323
Chris D. Biswell
Bar No. 06274580
Drake, Narup & Mead, P.C.
107 East Allen Street, Suite 100
Springfield, IL  62704
Tel:  (217) 528-9776
Fax:  (217) 528-9401
E-mail:  biswell@dnmpc.com

Attorneys for Plaintiff Pirelli Tire LLC



　　　　　　/s/ Brett K. Gorman
Brett K. Gorman
Bar No. 6210850
Schmiedeskamp, Robertson, Neu & Mitchell
525 Jersey
P.O. Box 1069
Quincy, IL  62306
Tel:  (217) 223-3030
Fax:  (217) 223-1005
E-mail:  bgorman@srnm.com

Attorneys for Defendant Titan Tire Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David L. Drake
Christian D. Biswell
Drake, Narup & Mead, P.C.
drake@dnmpc.com
biswell@dnmpc.com

Peter Q. Ezzell
Valerie Moore
Haight, Brown & Bonesteel
pezzell@hbblaw.com
vmoore@hbblaw.com

s/_____Brett K. Gorman_____
Attorney for Defendant Titan Tire Corporation
Schmiedeskamp, Robertson, Neu & Mitchell
525 Jersey Street, P. O. Box 1069
Telephone: (217) 223-3030
Facsimile: (217) 223-1005
E-mail: bgorman@srnm.com

## WITNESS LIST FOR PIRELLI TIRE LLC

| Case Name: Titan Tire Corporation, v. Pirelli Tire LLC, et al. | Case No.: 06-CV-1060 (consolidated with 06-CV-1061 and 06-CV-1062 | |
|---|---|---|

| Witness Name | Address | Expert | Adverse |
|---|---|---|---|
| Daniels, Paul | | | |
| Dodson, Tom (by deposition) | | Titan's expert | |
| Illingworth, Jim (by deposition) | | | |
| Janes, Robert (by deposition) | | | |
| McLoughlin, William (by deposition) | | | |
| McKiniry, John | | | |
| Ochs, Robert (by deposition) | | | |
| Pickering, James (by deposition) | | | |

AL08-0000054
3131662.1

## WITNESS LIST FOR TITAN TIRE CORPORATION

| Case Name:   Titan Tire Corporation v. Pirelli Tire LLC, et al. | Case No.: 06-CV-1060 (consolidated with 06-CV-1061 and 06-CV-1062) | Page *1* of *1* |
|---|---|---|

| Witness | Address | Expert | Adverse |
|---|---|---|---|
| Thomas Dodson (by designated deposition) | Smithers Scientific Services, Inc. 425 Market Street Akron, OH 44303-2099 | X | |
| Sherwood Willard (by testimony from first trial and designated deposition testimony) | V.P., Gen. Coun. & Secy. Pirelli Tire LLC P.O. Box 700 Rome, GA 30162 | | X |
| John C. Bush (by testimony from first trial) | The Bush Law Firm 6116 North Central Expressway, Suite 1201 Dallas, Texas 75206 | | |
| Keith Hupp | Titan Tire Corporation 2345 E. Market Street Des Moines, IA 50306 | | |
| James Pickering (by designated deposition in *Flores* lawsuit) | Titan Tire Corporation 2345 E. Market Street Des Moines, IA 50306 | | |
| William McLoughlin (by designated deposition in *Flores* lawsuit) | Titan Tire Corporation 2345 E. Market Street Des Moines, IA 50306 | | |

## EXHIBIT LIST FOR PIRELLI TIRE LLC

| Case Name:  Titan Tire Corporation, v. Pirelli Tire LLC, et al. | Case No.:  06-CV-1060 (consolidated with 06-CV-1061 and 06-CV-1062 | |
|---|---|---|

| No: | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 500 | Armstrong Formula A/T Drawing T 1088 | | | |
| 501 | Drawing-Top Half Stamping T 1093 | | | |
| 502 | Drawing Bottom Half Stamping T 1094 | | | |
| 503 | Titan Invoices T 1159-98 | | | |
| 504 | Tire Component Specification T 1222 | | | |
| 505 | Compendium of tires sold to Pirelli from Titan including Titan invoices T 1115 1238 | | | |
| 506 | Titan Light Truck Production T 1305 | | | |
| 507 | Titan Tire Component Specification T 1323 | | | |
| 508 | Memo Re:LT235/85R16 T 1325-27 | | | |
| 509 | Armstrong Market Segmentation/ Light Truck Development T 1363 | | | |
| 510 | Des Moines Quality Survey T 1386-1427 | | | |
| 511 | E.P. Daniels 6/9/97 Audit T 1435-52 | | | |

| Case Name:  Titan Tire Corporation, v. Pirelli Tire LLC, et al. | Case No.:  06-CV-1060 (consolidated with 06-CV-1061 and 06-CV-1062 | |
|---|---|---|
| 512 | Daniels 4/20/98 Audit T 1453 –67 | | |
| 513 | Daniels 10/25/94 Audit T 1468-72 | | |
| 514 | Titan Corrective Action Program T 1478-81 | | |
| 515 | Daniels 6/3/96 Audit T 1496-1503 | | |
| 516 | Des Moines Mold Inventory T 1515-16 | | |
| 517 | Quality Instruction 10/92 T 2219-24 | | |
| 518 | Belt Wire Inspection T 2226-33 | | |
| 519 | Wrong Base Stock T 2485 | | |
| 520 | Tire Component Specification T 2486-2509 | | |
| 521 | Audit T 2540-52 | | |
| 522 | Manufacturing Agreement 7/16/94 T 2586-606 | | |
| 523 | Corrective Action Program 1994 T 3103-9 | | |
| 524 | Pirelli Central Quality Specifications T 3186-3392 | | |
| 525 | Certificate of Merger Pirelli Tire Corp. into Pirelli Tire LLC 12/31/97 | | |
| 526 | Ramirez v. Elizondo, Titan's Amended Third Party Petition Against PTC, Filed 10/12/99 | | |
| 527 | Letter from Cheri Holley to Peter Ezzell, 2/22/99 | | |

| Case Name:  **Titan Tire Corporation, v. Pirelli Tire LLC, et al.** | Case No.:  06-CV-1060 (consolidated with 06-CV-1061 and 06-CV-1062 | |
|---|---|---|
| 528 | Letter from Peter Ezzell to Maurice Taylor and Titan Legal Dept., 2/19/99 | | |
| 529 | Affidavit of Cheri T. Holley, <u>Pirelli Armstrong Tire v. Titan Tire,</u> Case # 96-3240, 1/98 | | |
| 530 | Report of expert Robert Ochs, 8/28/99 | | |
| 531 | Remnants of the subject tire, <u>Ramirez v. Elizondo</u> | | |
| 532 | Light Truck Wheel Testing S-2324 Extended Endurance T 400 | | |
| 533 | E-mail chain concluding from P. Crowley to Sutor and Ogden, 1/3/95 T 422 | | |
| 534 | <u>Ramirez v. Elizondo,</u> Non-Suit of Plaintiffs Ramirez, T 715-726 | | |
| 535 | Letter from John Bush to all counsel, 10/16/99 T 830-832 | | |
| 536 | Photographs of the subject tire and truck taken by James Gifford | | |
| 537 | Photographs of the subject tire and truck taken by Dr. Dales Andreatta | | |
| 538 | Billing of Haight, Brown & Bonesteel and Rodriguez, Colvin & Chaney and Costs in Ramirez v. Elizondo | | |
| 539 | Photographs of the tire taken by Jerry Leyden | | |
| 540 | Standard Tire Construction | | |

| Case Name:  Titan Tire Corporation, v. Pirelli Tire LLC, et al. | Case No.:  06-CV-1060 (consolidated with 06-CV-1061 and 06-CV-1062 | |
|---|---|---|
| | Summary, Fiscal Year 1994 | | |
| 541 | Bottom Half Stamping for Armstrong Formula A/T Drawing No. 35KS00-10 | | |
| 542 | Top Half Stamping for Armstrong Formula A/T Drawing No. 5KS008 | | |

## EXHIBIT LIST FOR TITAN TIRE CORPORATION

| Case Name: | Titan Tire Corporation v. Pirelli Tire, LLC, et al. | Case No.: 06-CV-1060 (consolidated with 06-CV-1061and 06-CV-1062) | Page 1 of 11 |
|---|---|---|---|

| No: | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 5 | Pirelli Inter-Office Correspondence from T. Williams to B. Kinsella dated April 28, 1994 (PT-249 - PT-252) | | | |
| 8 | Pirelli Inter-Office Correspondence from E.P. Daniels to P.C. Crowley dated July 13, 1994 | | | |
| 9 | "Manufacturing Agreement" dated July 16, 1994, between Titan and Pirelli (PT-6307 - PT-6346) | | | |
| 10 | Letter from R. Smart of Pirelli to B. Kinsella dated August 23, 1994 (Exhibit I of M. Taylor deposition) | | | |
| 12 | Pirelli Inter-Office Correspondence from D. Bunn to P. Crowley dated October 14, 1994 (PT-229) | | | |
| 13 | Pirelli Inter-Office Correspondence dated October 24, 1994 from D. Bunn to R. Ash (PT-228) | | | |
| 14 | Pirelli Inter-Office Correspondence from E.P. Daniels to P.C. Crowley dated October 25, 1994 (PT-151 - PT-155) | | | |

| No: | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 15 | Letter from P. Crowley to J. Denton of Pirelli dated October 31, 1994 (PT-156 - PT-157) | | | |
| 16 | Fax from S. Willard to C. Holley dated November 2, 1994 (3 pages) | | | |
| 17 | Fax to R. Ash (Attention Morry) from C. Holley dated November 2, 1994 | | | |
| 18 | Letter from R. Ash and D. Eisenlohr to S. Willard dated November 3, 1993 (sic) | | | |
| 19 | Letter from R. Ash to S. Willard dated November 4, 1994 | | | |
| 20 | Letter from P. Crowley to D. Bunn dated November 4, 1994 (PT-231) | | | |
| 23 | E-mail from D. Eisenlohr to P. Daniels dated November 10, 1994 (PT-233) | | | |
| 24 | E-mail from D. Ortoli to P. Daniels dated November 10, 1994 (PT-236) | | | |
| 30 | Letter from P. Crowley to J. Denton dated November 11, 1994 (PT-158 - PT-161) | | | |
| 31 | Handwritten letter from P. Daniels and B. Daunais to R. Ash dated November __, 1994 (PT-234) | | | |

| No: | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 32 | Fax from S. Willard to R. Ash dated November 22, 1994 (3 pages) | | | |
| 34 | E-mail from P. Crowley to P. Daniels dated November 23, 1994 (PT-245) | | | |
| 35 | E-mail from P. Daniels to P. Crowley and others dated November 23, 1994 (PT-247) | | | |
| 38 | E-mail from P. Daniels dated December 7, 1994 with comments from W. Daunais (PT-248) | | | |
| 39 | Fax from S. Willard to R. Ash dated December 16, 1994, and fully executed letter agreement re Pirelli's indemnity obligations | | | |
| 40 | E-mail from P. Daniels to P. Crowley dated December 19, 1994 (T 3142) | | | |
| 42 | Pirelli Inter-Office Correspondence from S.J. Fernandes to R. Ash and P. Crowley dated March 31, 1995 (T 3132 - T 3133) | | | |
| 43 | Pirelli Inter-Office Correspondence from S.J. Fernandes to R. Manini dated June 3, 1995 (PT-4905 - PT-4906) | | | |
| 44 | "Titan/PATC Agreement" dated January 16, 1996, between Titan Tire and Pirelli | | | |

3

| No: | Description | Admit Without Objection | Authentication Waived | Objection |
|-----|-------------|------------------------|----------------------|-----------|
| 57 | Tire manufacturing process diagram produced by R. Ochs (T 1056) | | | |
| 63 | Letter from James H. Gifford (Pirelli's tire expert in *Ramirez*) to P. Ezzell dated September 8, 1989, and curriculum vitae of J. Gifford | | | |
| 64 | Letter of J. Gardner (Pirelli's tire expert in *Ramirez*) to P. Ezzell dated September 7, 1999 and J. Gardner curriculum vitae | | | |
| 65 | Letter from David J. Jones (Pirelli's toxicology expert in *Ramirez*) to P. Ezzell dated September 9, 1999 | | | |
| 66 | Letter of J. Ed Martinez dated September 10, 1999 (PT-1143 - PT-1151) | | | |
| 67 | Letter of T. Dodson (Titan's tire expert in *Ramirez*) to J. Bush, dated September 9, 1999, and T. Dodson curriculum vitae | | | |
| 69 | Group Exhibit of pleadings and orders re non-suit of Pirelli in *Ramirez* litigation in May 1999 (T 715 - T 736) | | | |
| 71 | Pirelli's answers to first set of interrogatories, fourth set of requests for production, and first set of requests for admission dated July 30, 1999 served in *Ramirez* litigation | | | |

4

| No: | Description | Admit Without Objection | Authentication Waived | Objection |
|-----|-------------|-------------------------|------------------------|-----------|
| 73 | Pirelli's response to Titan's first request to produce in *Ramirez* dated August 20, 1999 | | | |
| 74 | Pirelli's response to Titan's request for admission of facts in *Ramirez* litigation dated October 4, 1999 | | | |
| 76 | Tire remnants identified as being in the possession of counsel for Pirelli | | | |
| 77 | Tire produced by Titan during deposition of T. Dodson taken in *Ramirez* litigation | | | |
| 78 | Tire manufactured in Des Moines in July 1994 | | | |
| 79 | Photographs of accident tire (T 455 - T 475) | | | |
| 80 | Photographs identified during deposition of M. Taylor as B-1, B-2, B-3, and B-4 | | | |
| 81 | Summary chart of Pirelli's attorney's fees and expenses produced in discovery | | | |
| 84 | Pirelli drawing/blueprint of bottom half stamping for Armstrong formula A/T dated April 30, 1993 T1094 | | | |
| 85 | Pirelli drawing/blueprint of top half stamping for Armstrong formula A/T dated April 30, 1993 T1093 | | | |

5

| No: | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 86 | Tire Component Specification Sheets T 0001-T00024 | | | |
| 87 | Mold Room Inspection Documents T 00026-T00042 | | | |
| 88 | Mold History computer printout T00043-T00049 | | | |
| 89 | ECE Number Change summary document T00054-T00055 | | | |
| 90 | Transcript of James Pickering deposition given in *Flores/Aguirre* litigation on May 27, 2004 | | | |
| 90A | Videotape of Pickering deposition re Titan Ex. 90 | | | |
| 91 | Transcript of William McLoughlin deposition given in *Flores/Aguirre* litigation on May 27, 2004 | | | |
| 91A | Videotape of McLoughlin deposition re Titan Ex. 91 | | | |
| 92 | Affidavit of James D. Gardner dated May 18, 2006, submitted by Pirelli in opposition to Titan's Daubert Motion | | | |
| 93 | Affidavit of James H. Gifford dated May 17, 2006, submitted by Pirelli in opposition to Titan's Daubert Motion | | | |
| | Titan reserves the right to utilize any trial exhibits identified on Pirelli's list consistent with the Federal Rules of Evidence. | | | |

6